UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY HAMILTON,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et. al.,<br><br>    Defendants | Case No.: 3:19-cv-00380-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 24, 24-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to amend (ECF No. 24) and proposed first amended complaint (FAC) (ECF No. 24-1). The Attorney General's Office filed a response indicating that it does not oppose Plaintiff's motion to amend, but asks that the court screen the proposed FAC. (ECF No. 29.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 4.) The court screened Plaintiff's original complaint on April 2, 2020, and allowed him to proceed with an Eighth Amendment excessive force claim against Correctional Officer Godinez. The claim is based on allegations that upon arrival to Ely State Prison (ESP), a "CERT" officer, whom Plaintiff believes to be Officer Godinez, kicked Plaintiff for alleged noncompliance for not

1 facing the wall, when Plaintiff was in fact compliant and obeying all orders. As a result, Plaintiff had to be seen by medical and was given pain medicine for the swelling in his heel and leg. The treatment lasted three days and it negatively affected his blood pressure/caused a high blood sugar spike, for which he also had to be treated. The court dismissed his due process and equal protection claims with prejudice. The State of Nevada and NDOC were also dismissed with prejudice. (ECF No. 3.)

Plaintiff subsequently filed this motion for leave to amend and proposed amended complaint. (ECF Nos. 24 24-1.)

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, the court must review the proposed amended complaint and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

1  Dismissal of a complaint for failure to state a claim upon which relief may be granted is
2  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915A(b)(1) tracks
3  that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. §
4  1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied
5  under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review
6  under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,
7  232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

8  In reviewing the complaint under this standard, the court must accept as true the
9  allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all
10 doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations
11 omitted). Allegations in pro se complaints are "held to less stringent standards than formal
12 pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks
13 and citation omitted).

14 A complaint must contain more than a "formulaic recitation of the elements of a cause of
15 action," it must contain factual allegations sufficient to "raise a right to relief above the
16 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
17 must contain something more … than … a statement of facts that merely creates a suspicion [of]
18 a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice &
19 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts
20 to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556
21 U.S. 662, 678 (2009).

22 A dismissal should not be without leave to amend unless it is clear from the face of the
23 complaint that the action is frivolous and could not be amended to state a federal claim, or the

3

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

The proposed FAC names the following defendants: CERT Officer Godinez, John/Jane Doe NDOC officers, Associate Warden of Operations (AWO) Drummond, ESP Warden Gittere, NDOC Director James Dzurenda, and Harold Wickham.

In Count I, Plaintiff once again alleges that when he arrived at ESP and was going through intake, Godinez and an unknown Latino CERT officer kicked Plaintiff for being out of compliance with an order to face the wall, but Plaintiff claims he was obeying all orders. As a result, he had to be seen and treated by medical. He was given ibuprofen and pain killers for the swelling in his heel and leg. This also triggered a high blood pressure/blood sugar spike, which also had to be addressed by medical.

In Count II, Plaintiff alleges a denial of his equal protection and due process rights. Plaintiff alleges that between January 16 and February 4, 2019, Drummond, Gittere, Dzurenda and Wickham denied him these rights. He claims that they failed to protect Plaintiff and other similarly situated protective segregation inmates from abuse and violence. He asserts that they illegally opened a "safe keeper" unit in violation of Operational Procedure (OP) 503.03, which states that all inmates requiring protective segregation are to be transferred to Lovelock Correctional Center (LCC). Plaintiff further alleges that he was targeted in the line, and no one else was treated this way.

Plaintiff's Eighth Amendment claim in Count I is virtually the same as in the original complaint. The court will now address the added due process and equal protection claims.

To state a Fourteenth Amendment due process claim, Plaintiff must allege he was denied a liberty interest without the constitutionally required procedures. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Plaintiff does not include allegations that amount to the deprivation of a recognized liberty interest without the requisite procedural protections. Therefore, he should not be permitted leave to amend to assert a due process claim.

To state an equal protection claim, a plaintiff must allege facts demonstrating that a defendant acted with the intent and purpose to discriminate against him based upon his membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff does not allege that he is a member of a protected class and that he was discriminated against based on his membership in such protected class. Insofar as he is pursuing a "class of one" equal protection claim, he must allege he was intentionally treated differently than those similarly situated and that there was no rational basis for the difference in treatment. *Olech,* 528 U.S. at 564; *see also Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008). The "class of one" theory does not apply when the state actions, "by their very nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 603. "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." *Id.* at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause merely because the officer gives tickets to only some speeding drivers). To state a "class of one" equal protection claim, the plaintiff must identify the group of individuals with whom he

5

is similarly situated, identify the allegedly intentional and disparate treatment, and allege there was no basis for the different treatment. *See Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

In addition, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff appears to allege he was in protective segregation, or should have been in protective segregation, and he was treated differently from others, but Plaintiff does not include facts that demonstrate he was intentionally treated differently than other inmates in protective segregation. Instead, his allegations are more along the lines of his being arbitrarily singled out in the line. Moreover, the defendants named in Count II are not alleged to have kicked Plaintiff and caused his injuries, and he does not include other facts that would give rise to liability on the part of these Defendants. Plaintiff's vague allegations about a "safe keeper" unit also do not give rise to an equal protection claim. Therefore, Plaintiff should not be given leave to amend in this regard.

In sum, Plaintiff's motion for leave to amend should be denied because Count I is virtually the same as the original complaint, and he does not state a colorable claim for relief in Count II.

The action should proceed with the Eighth Amendment claim against Godinez as determined by the screening order on the original complaint. The court notes, however, that the Attorney General's Office filed a notice indicating it could not accept service for Godinez because Raul Godinez (the only Godinez within NDOC) transferred from NDOC in 2016, prior to the alleged incident in 2019 described in Plaintiff's complaint. (ECF No. 22.) Plaintiff's proposed FAC still names Godinez as a defendant, but alleges that an "unknown Latino CERT

officer (Godinez?)" kicked him without provocation. (ECF No. 24-1 at 3.) In light of the Attorney General's representation that the only individual with the last name of Godinez to be employed by NDOC transferred out of NDOC in 2016, Plaintiff should be required to file a notice with the court indicating whether he nevertheless intends to pursue this action against Godinez. If he does, the court will direct the Attorney General's Office to file Godinez's last known address under seal so service may be attempted. If Plaintiff does not wish to pursue this action against Godinez in light of the Attorney General's representation, then the action should be dismissed without prejudice, so that Plaintiff may re-file once he has identified the correct defendant.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 24).

IT IS FURTHER RECOMMENDED that within 14 days of any order adopting this Report and Recommendation, Plaintiff should be required to file a notice with the court indicating whether he intends to pursue this action against Godinez in light of the Attorney General's representation that Godinez did not work at NDOC at the time when this incident allegedly took place.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

      2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 15, 2021

                                          _/s/ William G. Cobb_
                                          William G. Cobb
                                          United States Magistrate Judge